UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| L.C. COHEN, ) | CASE NO. 4:05 CV 1986 |
| ) | |
| Plaintiff, ) | JUDGE PETER C. ECONOMUS |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| CORRECTIONS CORPORATION ) | AND ORDER |
| OF AMERICA, et al., ) | |
| ) | |
| Defendants. ) | |

On August 12, 2005, pro se plaintiff L.C. Cohen filed this action against Corrections Corporation of America ("CCA"), the Northeast Ohio Correctional Center ("NEOCC")[1], Warden Tapia, Assistant Warden Wade, Programs Manager Rubosky, Champlain Zeyer, L. Diaz, Tony Raggozine, and Sergeant Jackson. In the complaint, plaintiff alleges that the defendants failed to accommodate the practice of his religion. He seeks monetary and injunctive relief.

### *Background*

Mr. Cohen was a federal prisoner housed at NEOCC from April 15, 2005 to April

---

[1] NEOCC is a private prison, operated by CCA. The institution accepts federal prisoners under contract with the United States Bureau of Prisons.

27, 2005. He is now incarcerated in the Federal Correctional Institution at Elkton, Ohio. Mr. Cohen contends he practices Judaism and obeys the dietary tenets of his religion. He states that although the institution offers a kosher diet option, the foods provided are not kosher. He claims he was served white bread with every meal, which he alleges is never kosher. Furthermore, Passover began on April 23, 2005. He contends that from the beginning of Passover until his transfer four days later, the institution continued to serve white bread with his meals. The consumption of any bread is prohibited during Passover. He also claims that prison officials would not permit him to have the food for his Seder meals sent to him by a source outside the prison. Mr. Cohen alleges that the defendants did not accommodate his religious beliefs. He seeks $ 75,000.00 in compensatory and $ 75,000.00 in punitive damages from each of the defendants. He further seeks an order from this court to requiring NEOCC to "provide kosher food in the...institution's 'kosher diet' meals... [and] "kosher for Passover food in the...institution's 'kosher diet' meals during the annual Jewish observance of Passover every year and be enjoined from not doing so." (Compl. at 7.)

*Analysis*

A prisoner must allege and show that he has exhausted all available administrative remedies before filing a civil rights action in federal court to challenge the conditions of his confinement. 42 U.S.C. §1997e; Wyatt v. Leonard, 193 F.3d 876, 878 (6th Cir. 1999); Brown v. Toombs, 139 F.3d 1102, 1104 (6th Cir. 1988), cert. denied, 525 U.S. 833 (1998). To establish that he exhausted his remedies prior to filing suit, the prisoner must plead his claims with specificity and show that he has exhausted his administrative remedies with respect to each allegation against each defendant by attaching to the complaint a copy of the applicable administrative dispositions or, in

the absence of written documentation, describing with specificity the administrative proceedings and their outcomes. Knuckles-El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000). The prisoner must exhaust each specific claim against each defendant named in the complaint to satisfy the exhaustion requirement. See Curry v. Scott, 249 F.3d 493, 504-05 (6th Cir. 2001). In the absence of such particularized averments concerning exhaustion, the action must be dismissed. Id.

Because NEOCC is a private prison, it is difficult to determine on the face of the pleading what grievance procedure is available to the inmates. Title 28 of the Code of Federal Regulations sets forth a four-step grievance procedure for administrative remedies for inmates housed in federal prisons. As the inmates housed at NEOCC are federal inmates, it is likely that they are required to utilize the grievance procedure for federal inmates.

Under Title 28, an inmate initiates the grievance procedure by requesting an Informal Resolution from the prison official whose area of responsibility is most related to the grievance. 28 C.F.R. § 542.13. If the inmate is dissatisfied with the informal response, or if there has been no response to the complaint, the inmate may file a BP-9 form with the institution staff member designated to receive such requests. 28 C.F.R. § 542.14. If this second step does not provide satisfactory results, the inmate may file an appeal on a BP-10 form to the Regional Director. 28 C.F.R. § 542.15. An inmate who is not satisfied with the Regional Director's response may submit an appeal on the appropriate BP-11 form to the General Counsel. 28 C.F.R. § 542.15. The General Counsel's written response to the inmate's appeal is the final decision on the grievance.

Mr. Cohen has not demonstrated that he exhausted his administrative remedies for each claim he asserts against each defendant. He alleges he made verbal requests "for

3

accommodation of his Jewish religious food practices" which were rejected. He states he filed informal grievances and did not receive a response. He claims he then filed written formal grievances. He contends Sergeant Jackson did not respond. There is no indication that he filed grievances with the Regional Director or with the General Counsel.

Even if NEOCC inmates are required to use a grievance procedure other than that which is designated for federal prisoners, the complaint must be dismissed. Mr. Cohen has not set forth allegations describing such a procedure or suggesting that he complied with it. The inmate bears the burden of establishing exhaustion of administrative remedies at the time the complaint is filed. Brown, 139 F.3d at 1104. Mr. Cohen has not satisfied that burden.

Moreover, while Mr. Cohen does allege he filed an informal complaint and a formal grievance, he does not allege with specificity the content of each of the grievance forms or the persons against whom each of the grievances was asserted. The United States Sixth Circuit Court of Appeals has adopted a "total exhaustion" requirement for prisoner complaints which fall within the parameters of 42 U.S.C. §1997e. See Bey v. Johnson, 407 F.3d 801 (6th Cir. 2005). Under this rule, a complaint containing both exhausted and unexhausted claims must be dismissed in its entirety for failure to exhaust administrative remedies. Bey, 407 F.3d at 806-07. The district court no longer has the option of dismissing just the unexhausted claims and proceeding with the claims that have been submitted through the relevant grievance process. Id. Because Mr. Cohen has not demonstrated that he exhausted each of his claims against each of the defendants, the case must be dismissed in its entirety.

## *Conclusion*

Accordingly, this action is dismissed without prejudice pursuant to 42 U.S.C.

4

§1997e. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

       IT IS SO ORDERED.


          /s Peter C. Economus----11/3/05
          PETER C. ECONOMUS
          UNITED STATES DISTRICT JUDGE

---

[2]    28 U.S.C. § 1915(a)(3) provides:

    An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.