UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **L.C. COHEN**, | ) | Case No. 4:05 CV 1986 |
| | ) | |
| Plaintiff, | ) | Judge Peter C. Economus |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | OF MAGISTRATE JUDGE |
| **CORRECTIONS CORPORATION** | ) | (Regarding ECF #55) |
| **OF AMERICA, et al.**, | ) | |
| | ) | |
| Defendants. | ) | Magistrate Judge James S. Gallas |
| | ) | |

Plaintiff, L.C. Cohen, is a citizen of Canada in federal custody following convictions for mail fraud and bank fraud as described under 18 U.S.C. §1341 and §1344. See *Cohen v. U.S.,* 125 F.3d 857 (Table), 1997 WL 632608 (9th Cir. Oct. 9, 1997). He filed a complaint on August 12, 2005 alleging violations of his civil rights under the First Amendment through 42 U.S.C. §1983, the Religious Freedom Restoration Act of 1993 and the Religious Land Use and Institutionalized Persons Act of 2000 for refusal to accommodate his religious practices by providing kosher meals, giving him forbidden white bread with his "kosher" meal during Passover, and refusing to provide him with gefilte fish during Passover. (See ECF # 1). The complaint was dismissed for failure to exhaust available administrative remedies by the district court and dismissal was affirmed on appeal. (See ECF# 4,5, 27). However, judgment was reversed and remanded by the U.S. Supreme Court in light of *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed. 2d 798 (2007). See *Cohen v. Corrections Corp. of America*, -U.S. -, 128 S.Ct. 345, 169 L.Ed. 2d 2 (Mem. 2007). *Jones* overturned precedent from this circuit that had held that the Prison Litigation Reform Act (42 U.S. C. §1997e(a)) set out an exhaustion requirement, which prisoners were required to specially plead

4:05 CV 1986                                                            2

or demonstrate civil rights complaints. See *Knuckles El v. Toombs*, 215 F.3d 640 (6th Cir. 2000), and *Brown v. Toombs*, 139 F.3d 1102 (6th Cir. 1998). *Jones* abrogated this reasoning.

The matter was subsequently remanded to district court and Mr. Cohen was permitted to file an amended complaint (ECF # 41). Defendants have moved to dismiss under Rule 12(b) with supporting affidavits asserting lack of subject matter jurisdiction, insufficient process and/or service of process, and and failure to state a claim upon which relief can be granted . (ECF # 55, 62). The undersigned finds on of the arguments raised under the heading of lack of subject matter jurisdiction to be dispositive of this matter- the "3-strike rule" of 28 U.S.C. §1915(g). [1]

*28 U.S.C. §1915(g):*

In this matter Mr. Cohen continues to violate the Prisoner Litigation Control Act. Prisoners who qualify for *in forma pauperis* ("IFP") status are required to pay an initial partial filing fee followed by installment payments until the entire filing fee is paid. See 28 U.S.C. §1915(b); *Pointer v. Wilkinson,* 502 F.3d 369, 372 n. 3 (6th Cir. 2007). 28 U.S.C. § 1915(g) prohibits a prisoner, such as Mr. Cohen, from bringing an action IFP, "if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is *frivolous, malicious, or fails to state a claim upon which relief may be granted* (emphasis supplied)." Although the statute contains an exception "unless the

---

[1] Because this case should be dismissed under the "3-strike rule" it will not be necessary to forewarn Mr. Cohen about treating the 12(b)(6) aspect of the motion to dismiss with supporting affidavits as a Rule 56 motion for summary judgment. See Rule 12(d) and *Tackett v. M&G Polymers, USA, LLC*, 561 F.3d 478, 487-88 (6th Cir. 2009); *Yashon v. Gregory*, 737 F2d 547, 552 (6th Cir. 1984)(*sua sponte* conversion to summary judgment motion must be accompanied with notice and adequate opportunity to respond).

4:05 CV 1986                                                                 3

prisoner is under imminent danger of serious physical injury," Mr. Cohen makes no allegation meriting consideration of such an exception. Under this so-called "3-strike rule" if a complaint is dismissed as meeting one of those three criteria, and an appellate court upholds the dismissal, the inmate earns two strikes. See *Henderson v. Norris*, 129 F.3d 481, 485 (8th Cir. 1997)("dispositions of both his complaint and his appeal are "strikes" under § 1915(g)"); *Healey v. Wisconsin*, 65 Fed. Appx. 567, 2003 WL 21054646 (7th Cir. 2003)(inmate "brought due process claim that was barred by precedent, and earned second strike for taking appeal from dismissal of that action."); *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996). Although this rule took effect as part of the Prison Litigation Reform Act on April 26, 1996, suits filed and dismissed before that date are also considered strikes, and there is no *ex post facto* prohibition. See *Wilson v. Yaklich*, 148 F.3d 596, 603-04 (6th Cir. 1998)(collecting cases). Inmates seeking to pursue relief IFP are normally required to list all of their prior lawsuits and their results. Mr. Cohen, however, dodged the question, instead stating only in his original complaint and amended complaint that "I have not begun other lawsuits in state or federal court dealing with the same facts involved in this action otherwise relating to my imprisonment with the defendants."

*Court has Subject matter jurisdiction despite lack of filing fee:*

Defendants' position is that the 3-strike rule of §1915(g) goes to the court's subject-matter jurisdiction for purposes of Rule 12(b)(1). Motions to dismiss for lack of subject matter jurisdiction either challenge the facial sufficiency of the allegations of the complaint or the factual basis for jurisdiction. See *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004), *cert. denied*, 544 U.S. 961 (2005); *Gentek Bldg Products, Inc. v. Steel Peel Litigation Trust,* 491 F.3d 320, 330 (6th Cir. 2007).

4:05 CV 1986                                              4

Defendants' attack on IFP status is neither an attack upon the facial sufficiency of the allegations nor an attack on the factual predicate that subject-matter exists over the allegations in the complaint. Non-payment of the filing fee does not deprive a court of subject matter jurisdiction. See *Parissi v. Telechron, Inc.,* 349 U.S. 46, 75 S.Ct. 577, 99 L.Ed. 867 (Mem. 1955)(untimely payment of fee did not vitiate the validity of petitioner's notice of appeal).

*Mr. Cohen has neither paid filing fee nor applied for IFP status:*

"What this country needs, Congress decided [ in the Prisoner Litigation Reform Act], is fewer and better prisoner suits." *Jones v. Bock,* 549 U.S. at 203-204, 127 S.Ct. at 914 (citing *Porter v. Nussle*, 534 U.S. 516, 524, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002)(PLRA intended to "reduce the quantity and improve the quality of prisoner suits")). Review of this case establishes that Mr. Cohen has neither paid the filing fee for his civil rights complaint nor obtained leave to file IFP. He did obtain IFP status with payment deferral for his **appeal**. (See Orders of March 15, 2006, ECF # 22, 23, 24). But with respect to his complaint, Mr. Cohen filed his Financial Affidavit of Prisoner on **August 12, 2005** (ECF # 3), but never sought leave to file IFP. Consideration under 28 U.S.C. §1915(g), consequently, transforms from subject matter jurisdiction to Mr. Cohen's IFP status. This Court must now rule on Mr. Cohen's implicit motion for leave to file his complaint IFP. His appeals have now concluded leaving the district court with jurisdiction to order dismissal of the complaint pursuant to 28 U.S.C. §1915(g). See *Douris v. Middletown Twp.*, 293 Fed. Appx. 130, 133 (3rd Cir. Sept. 15, 2008).

4:05 CV 1986                                                    5

Defendants have produced a compendium of dockets from prior actions brought by Mr. Cohen in the Federal Courts of the United States contending that there are well over 3 dismissals that constitute "strikes" under the statute. ( Ex. 1-25, ECF # 55-2 to 55-6). [2] It does not matter that any dismissals relate to cases pending before §1915(g)'s April 1996 effective date. See *Wilson v. Yaklich,* 148 F.3d 596, 602-03 (6th Cir. 1998), *cert. denied*, 525 U.S. 1139 (1999). However, the fact that Mr. Cohen had numerous prior cases dismissed does not shift the burden to him. *Andrews v. King,* 398 F.3d 1113, 1121 (9th Cir. 2005). The tactic of barraging the court with dockets will only be successful " under the plain language of § 1915(g), [when] the prior dismissals would qualify as strikes only if, after reviewing the orders dismissing those actions and other relevant information, the district court determined that they had been dismissed because they were frivolous, malicious or failed to state a claim." *Andrews*, 398 F.3d at 1121.

"A complaint is frivolous within the meaning of 28 U.S.C. § 1915 where plaintiff has failed to present a claim with an arguable or rational basis in law or in fact." *Scott v. Evans,* 116 Fed.Appx. 699, 702 (6th Cir. 2004)(citing *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)). "A case is malicious if it was filed with the intention or desire to harm another." *Butler v. Department of Justice,* 492 F.3d 440, 443 (D.C. Cir. 2007)(quoting *Tafari v. Hues*, 473 F.3d 440, 442( 2nd Cir. 2007) (parenthetically quoting *Andrews v. King*, 398 F.3d at 1121)).

---

[2] The court dockets provided may be considered. Judicial notice may be taken of public records. See FRE 201; *Jackson v. City of Columbus*, 194 F.3d 737 (6th Cir. 1999), abrogated on other grounds *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002).

4:05 CV 1986                                           6

Previous dismissals under the "3-strike rule" do not constitute frivolous claims. **³** Dismissals for lack of jurisdiction do not count as "strikes" **⁴** nor do dismissals for failure to prosecute under Rule 41(b), **⁵** or dismissals of habeas corpus petitions. **⁶** However, previous dismissals under the §1915A screening process were actions "brought" for purposes of §1915(g) and do constitute "strikes." **⁷**

Defendants rely on the fact that several district courts have certified pursuant to 28 U.S.C. §1915(a)(3) that an appeal may not be taken IFP in good faith. However, this language has no direct nexus with a dismissal due to frivolity, maliciousness, or a failure to state a claim. It is the underlying decision which matters. Several of those instances involved grants of opponents' motions for summary judgment, and these do not establish that Mr. Cohen's prior litigation was frivolous or malicious. In fact, what those dockets indicate is that Mr. Cohen stated justiciable

---

³ See *Feathers v. McFaul*, 274 Fed. Appx. 467, 469 (6th Cir. Apr. 22, 2008)( citing *Snider v. Melindez,* 199 F.3d 108, 112 (2nd Cir. 1999); *Green v. Young*, 454 F.3d 405, 409 (4th Cir. 2006)).

⁴ See *Thompson v. Drug Enforcement Admin*. 492 F.3d 428, 437 (D.C. Cir. 2007); *Tafari v. Hues*, 473 F.3d 440, 442-43 (2nd 2007).

⁵ See *Butler v. Dept. of Justice*, 492 F.3d at 443-44; *Tafari*, 473 F.3d at 443.

⁶ See *Andrews v King*, 398 F.3d 1113, 1122 (9th Cir. 2005); *Jennings v. Natrona County Det. Ctr. Med. Facility*, 175 F.3d 775, 779 (10th Cir. 1999).

⁷ The language of 28 U.S.C. §1915A(b)(1) for initial screening of prisoner's suits requires dismissal of those portions that are " frivolous, malicious, or fail[] to state a claim upon which relief may be granted," which mirrors the grounds for denial of IFP under §1915(g). And see *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008)("Read together, these provisions require a district court to dismiss an in forma pauperis complaint when it determines that the complaint meets the criteria set forth in 28 U.S.C. § 1915A, 28 U.S.C. § 1915(e)(2)(B), or 42 U.S.C. § 1997e(c). Because these statutes impose a mandatory duty, we construe a district court's termination of an in forma pauperis complaint during the screening process for a reason enumerated in § 1915A, § 1915(e)(2)(B), or § 1997e(c) as a dismissal pursuant to the applicable section. . . .[W]hen a district court disposes of an in forma pauperis complaint 'on the grounds that [the claim] is frivolous, malicious, or fails to state a claim upon which relief may be granted,' such a complaint is "dismissed" for purposes of § 1915(g) even if the district court styles such dismissal as denial of the prisoner's application to file the action without prepayment of the full filing fee.").

4:05 CV 1986                                                                                  7

claims in those instances which required disposition under Rule 56 for summary judgement rather than under Rule 12(b)(6) for matters which failed "to state a claim upon which relief can be granted." [8]

However, defendants' exhibit 6, the docket from *L.C. Cohen v. David Stickman*, Case No. 8:96 cv 199 in the U.S. District Court of Nebraska, establishes that Mr. Cohen was in federal custody at FMC-Rochester and recently transferred to FCI Oakdale at the time the case was pending in U.S. District Court.  The matter was dismissed upon initial screening and determination of IFP status by a magistrate judge and this dismissal was adopted by the court on July 18, 1996. (See Docket entries 2,3,7,11). This constituted a dismissal under the initial screening process, which counts as a "strike." See *O'Neal v. Price*, 531 F.3d at 1153. Mr. Cohen's appeal was dismissed summarily by the Eighth Circuit under its local rule 47A on September 27, 1996. (Docket entry 17). Eighth Circuit Rule 47A(a) allows for summary disposition of matters that are frivolous and entirely without merit. See 28 U.S.C. U.S. Ct. of App. 8th Cir. Rule 47A(a). **Two** "strikes" occurred in 1996.

Defendants' exhibit 8, the docket from *L.C. Cohen v. John P. Steichen*, Case No. 8: 96 cv 261 in the U.S. District Court of Nebraska, establishes that the matter was dismissed as frivolous. (Docket entries 23, 32). Commensurate with the March 28, 1997 dismissal recommendation the court noted that Mr. Cohen was no longer a prisoner within the meaning of 28 U.S.C. §1915(h), and excused him from making partial filing fee payments. (*Id.,* 23). This subsection of §1915 "defines

---

[8] Of course, a "strike' would occur when the reviewing appellate court found the appeal frivolous. See *Dye v. Bartow*, 282 Fed. Appx. 434, 435 (7th Cir. June 12, 2008).

4:05 CV 1986                                                    8

'prisoner' as 'any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.'" *Jackson v. Johnson,* 475 F.3d 261, 265 (5th Cir. 2007). The 3-strike rule applies to prisoners "while incarcerated." *Id.* Mr. Cohen apparently was not incarcerated when the U.S. District court ruled the matter frivolous, so it is not a "strike."

Defendants' exhibit 10, the docket from *Leslie Charles Cohen v. James Joseph Syme, Jr.*, Case No. 2: 03 cv 1058 in the U.S. District Court of Arizona establishes that Mr. Cohen's complaint was dismissed after he had paid the $150.00 filing fee pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted on October 9, 2003. (See Docket entries 6,15). On appeal, the Ninth Circuit affirmed, but did so only on the district court's finding that it lacked subject matter jurisdiction. (Docket entry 23; and see *Cohen v. Syme*, 120 Fed. Appx. 746 (9th Cir. Feb. 11, 2005), *cert. denied*, 546 U.S. 1077 (2005). **One** "strike" occurred in 2003.

Mr. Cohen has belatedly responded to the defendants' motion to dismiss (ECF # 76), but of his arguments concerning the "3-strike rule" only one is not blatantly frivolous. Mr. Cohen argues that IFP provisions do not apply to incarcerated aliens facing deportation citing *LaFontant v. I.N.S.,* 135 F.3d 158, 165, 328 U.S. App. D.C. 359, 366 (D.C. Cir.1998). That decision, though is being overextended by Mr. Cohen. The decision actually stated:

> Although LaFontant was a "prisoner" for purposes of the PLRA when he served time for past convictions, he ceased being a "prisoner" at the time he was released on parole. When LaFontant was detained by the Attorney General under the INA for deportation purposes, he became an "alien detainee," not a "prisoner." See *Ojo v.*

4:05 CV 1986                                    9

> *INS*, 106 F.3d 680, 683 (5th Cir.1997) (holding that "the PLRA does not bring alien detainees within its sweep"). Thus, we hold that the fee requirements of the PLRA do not apply to LaFontant's petition for review.
>
> *LaFontant v. I.N.S.* 135 F.3d at 165.

The exhibits establish that Mr. Cohen had the status of a detained convict when the "strikes" occurred and retained that status when he was detained by federal authorities at FMC Lexington and at the Northeast Ohio Correctional Center, as alleged in the amended complaint. He was not released on parole.

### *CONCLUSION AND RECOMMENDATION*

Defendants have through their exhibits 6 and 10 established three prior dismissals of cases brought by Mr. Cohen while a prisoner as defined under §1915(h) for frivolousness and failure to state a claim. The proper procedure is to dismiss the complaint *without prejudice* and not to allow Mr. Cohen the option of paying the filing fee in full, as the fee must be paid at the time suit is initiated. See *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

It is recommended that defendants' motion to dismiss (ECF # 55) be granted on the narrow issue of Mr. Cohen's failure to obtain leave to file IFP. Mr. Cohen did not move for leave to file but only submitted his Financial Affidavit of Prisoner on August 12, 2005 (ECF # 3). If he had moved for leave on that date, IFP status would have been barred under the "3-strike rule" due to 2 "strikes" from 1996 and one from 2003 combined with no showing of imminent danger of serious physical injury due to Mr. Cohen's dissatisfaction with the kosher diet provided by defendants or indifference

4:05 CV 1986                                              10

or interference with religious activities. See 28 U.S.C. §1915(g). See *Mitchell v. Tennessee*, 2004 WL 193153 at *1 (6th Cir. Jan. 30, 2004); *Rittner v. Kinder*, 2006 WL 2794967 (N.D. Ohio), *aff'd* 290 Fed. Appx. 796 (6th Cir. Aug. 20, 2008)(complaint did not contain allegations of imminent danger of serious physical injury).

This does leave unresolved defendants' contentions concerning failure to state a claim upon which relief can be granted and insufficient service of process. It also leaves unresolved Mr. Cohen's motion for sanctions (ECF # 69). However, as the fee must be paid at the time suit is initiated, these issues must await resolution after a complaint has been filed in this matter.

Accordingly, this action should be dismissed without prejudice pursuant to 28 U.S.C. §1915(g).

                                                    s/James S. Gallas
                                              United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of mailing of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See, United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).

Dated: July 7, 2009