# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| L.C. COHEN, | CASE NO. 4:05CV1986 |
| PLAINTIFF, | JUDGE PETER C. ECONOMUS |
| V. | |
| CORRECTIONS CORPORATION OF AMERICA, *et al.*, | MEMORANDUM OPINION AND ORDER |
| DEFENDANTS. | |

This matter is before the Court upon Defendants' Motion to Dismiss. (Dkt. # 55, 62). Magistrate Judge James S. Gallas has issued a report and recommendation that Defendants' Motion be granted and that the instant action be dismissed without prejudice on the basis of Plaintiff's failure to pay the filing fee or to obtain leave to file *in forma pauperis*. (Dkt. # 78). Plaintiff has timely filed objections, Defendants filed a response to Plaintiff's objections, and Plaintiff filed a reply to Defendants' response. (Dkt. # 81, 82, 83).[1]

---

[1] Local Rule 72.3(b) allows only objections and a response to objections to be filed with respect to a magistrate judge's report and recommendation. Thus, Plaintiff's reply to Defendants' response to his objections is outside the scope of the rule. Nevertheless, the Court has considered Plaintiff's reply in ruling on his objections to the report and recommendation.

1

**I. MAGISTRATE JUDGE'S FINDINGS**

The Magistrate Judge found that Plaintiff has failed to either pay the filing fee required to bring the instant action or to obtain *in forma pauperis* status pursuant to 28 U.S.C. § 1915.  Moreover, the Magistrate Judge found that Plaintiff would be barred from obtaining *in forma pauperis* status by the "three strike rule" under 28 U.S.C. § 1915(g).

Specifically, the Magistrate Judge found that Plaintiff incurred two "strikes" related to L.C. Cohen v. David Stickman, Case No. 8:96CV199, in the United States District Court for the District of Nebraska.  One strike occurred, according to the Magistrate Judge, when the district court dismissed the action upon initial screening and determination of *in forma pauperis* status.  The Magistrate Judge determined that a second strike occurred when Plaintiff's appeal was summarily dismissed by the Court of Appeals for the Eighth Circuit pursuant to Eighth Circuit Rule 47A(a), which allows for dismissal of appeals that are "frivolous and entirely without merit."  U.S. Ct. of App. 8th Cir. Rule 47A(a).  The Magistrate Judge found that Plaintiff incurred a third strike when the district court for the District of Arizona dismissed Plaintiff's complaint in Leslie Charles Cohen v. James Joseph Syme, Jr., Case No. 2:03CV1058, for failure to state a claim upon which relief can be granted.  Plaintiff had already paid the filing fee pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) at the time of the dismissal.

The Magistrate Judge further found that Plaintiff did not incur a strike related to L.C. Cohen v. John P. Steichen, Case No. 8:96CV261 in the United States District Court for the District of Nebraska.  The district court dismissed the action as frivolous and

2

noted that Plaintiff was no longer a prisoner under 28 U.S.C. § 1915(h) at the time of the dismissal and was, therefore, not required to pay the filing fee. The Magistrate Judge concluded that Plaintiff "apparently was not incarcerated when the U.S. District court [sic] ruled the matter frivolous, so it is not a 'strike.'" (Dkt. # 78 at 8).

The Magistrate Judge rejected Plaintiff's argument that the "three strike rule" of 28 U.S.C. § 1915(g) does not apply to him because he was an incarcerated alien facing deportation. Plaintiff cited LaFontant v. I.N.S., 135 F.3d 158, 165 (D.C. Cir. 1998), as support for his argument. The Magistrate Judge found that the dockets from Plaintiff's prior actions, which were provided by Defendants as exhibits to their Motion, "establish that [Plaintiff] had the status of a detained convict when the 'strikes' occurred." (Dkt. # 78 at 9).

## II. PLAINTIFF'S OBJECTIONS TO THE REPORT AND RECOMMENDATION

### A. Docket Reports

Plaintiff first objects to the Magistrate Judge's consideration of the docket reports submitted by Defendants as Exhibits 1 - 12, 15 - 19, and 21 – 23, attached to their Motion to Dismiss. According to Plaintiff, "the magistrate judge erred in accepting, as accurate and true, copies of court dockets that had not been certified as true and correct by the respective court clerks pursuant to Federal Rules of Evidence (FRE) 28 U.S.C.A. §§ 902(4) & 1005, and using them to incorrectly hold that the Plaintiff had three prior 'strikes.'" (Dkt. # 81 at 1).

Plaintiff's objection is without merit. In ruling on a Motion to Dismiss pursuant to Rule 12(b), a court may consider matters of public record. See Jackson v. City of

Columbus, 194 F.3d 737, 745 (6th Cir. 1999) (abrogated on other grounds by Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002)). No certification by a clerk is required before a court may do so. In the instant matter, Defendants attached public records in the form of court docket reports to their Motion. The Magistrate Judge treated the records appropriately and did not err in considering them in making his findings. Plaintiff's objection is overruled.

### B. Cohen v. Stickman

Plaintiff next objects to the Magistrate Judge's determination that he has violated the "three strike rule" by filing at least three prior actions while incarcerated which were determined to be frivolous, malicious, or failing to state a claim upon which relief may be granted. First, Plaintiff asserts that the dismissal of his complaint and appeal in L.C. Cohen v. David Stickman did not result in two strikes because he "was in INS civil custody as an 'alien detainee,' not a 'prisoner' between April 30, 1996 and April 24, 1997." Plaintiff misreads the "three strike" provision of 28 U.S.C. § 1915(g). That provision states that a prisoner is prohibited from bringing an action or appeal *in forma pauperis* if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, *brought* an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g) (emphasis added). Thus, the fact that Petitioner was in Immigration and Naturalization Service ("INS") custody as an alien detainee at the time

4

the action was dismissed is not determinative. Because he was serving a sentence on a criminal conviction on March 26, 1996, when he filed the action, § 1915(g) applies.[2]

Plaintiff further argues that Defendants' Exhibit 6, the docket of Stickman, does not support the Magistrate Judge's conclusion that the action was dismissed as frivolous or without merit. The docket text indicates that the matter was dismissed upon initial review and determination of *in forma pauperis* status. (Dkt. # 55, Ex. 6, docket entry # 2, 3, 7, 11). An action by a prisoner seeking to proceed *in forma pauperis* shall be dismissed upon initial screening if it:

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b). Only an action dismissed pursuant to § 1915A(b)(1) will count as a strike for purposes of § 1915(g). Because the docket report for Stickman does not indicate which subsection of § 1915A(b) the district court applied in dismissing the action, the Court agrees that the Magistrate Judge did err in concluding on the basis of the docket report alone that the dismissal constitutes a strike, and that the subsequent dismissal of Plaintiff's appeal by the Eighth Circuit resulted in a second strike. The Court therefore declines to adopt such a finding by the Magistrate Judge.

Nevertheless, in responding to Plaintiff's objections, Defendants have submitted certified copies of both the magistrate judge's report and recommendation of dismissal in Stickman, and the district court's order adopting the report and recommendation and

---

[2] Plaintiff states that he was in INS custody "between April 30, 1996 and April 24, 1997." (Dkt. # 81 at 1). According to the docket report for Stickman, his complaint in that action was filed on March 26, 1996. (Dkt. # 55, Ex. 6, docket entry # 1). Plaintiff does not dispute that he was incarcerated pursuant to a criminal conviction at that time.

dismissing the action. (Dkt. # 82, Ex. 1 at 8-15). The report and recommendation clearly indicates that the magistrate judge found Plaintiff's Bivens claim to be frivolous, and that he found that Plaintiff's legal malpractice claim failed to state a claim upon which relief could be granted. (Dkt. # 82, Ex. 1 at 10-15). The district court adopted the report and recommendation in its entirety, dismissed the action, and overruled objections from Plaintiff. (Dkt. # 82, Ex. 1 at 8-9). Accordingly, the Court finds that the district court's dismissal of Stickman constitutes a strike under 28 U.S.C. § 1915(g).

Plaintiff's appeal of the district court's dismissal in Stickman, however, should not have been counted as a strike. The notice of appeal in that matter was filed on July 18, 1996. (Dkt. # 55, Ex. 7; Dkt. # 82, Ex. 1 at 6). Plaintiff has provided an inmate history report from the Federal Bureau of Prisons indicating that on April 30, 1996, he received a good conduct time release from his criminal sentence and became an INS detainee. (Dkt. # 81, Ex. A). According to the report, Plaintiff remained in INS custody until June 24, 2002. (Dkt. # 81, Ex. A).[3] Thus, because he was not a "prisoner" for purposes of 28 U.S.C. § 1915, as defined under § 1915(h), at the time he brought his appeal in Stickman, the Eighth Circuit's summary dismissal of such appeal does not constitute a strike. See Andrews v. King, 398 F.3d 1113, 1121-22 (9th Cir. 2005); Ojo v. I.N.S., 106 F.3d 680, 683 (5th Cir. 1997). Accordingly, the Court declines to adopt the Magistrate Judge's finding that the dismissal of Plaintiff's appeal in Stickman constitutes a strike.

---

[3] Defendants have provided no evidence showing that Plaintiff was still serving a criminal sentence while in INS custody, nor that he had criminal charges pending against him at that time. See Andrews v. King, 398 F.3d 1113, 1121-22 (9th Cir. 2005) ("dismissals of actions brought while a plaintiff was in the custody of the INS do not count as 'strikes' within the meaning of § 1915(g), so long as the detainee did not also face criminal charges.").

6

**C. Cohen v. Steichen**

Defendants object to the Magistrate Judge's determination that Plaintiff did not incur a strike when the district court for the District of Nebraska dismissed the matter of L.C. Cohen v. John P. Steichen. They argue that "the Magistrate Judge incorrectly based his findings upon [Plaintiff's] change in status prior to the date of dismissal, rather than the date the action was 'brought.'" (Dkt. # 82 at 6). The Court agrees.

As noted above, § 1915(g) applies to prior actions or appeals *brought* while a plaintiff was incarcerated. 28 U.S.C. § 1915(g). The district court's Order dismissing the action in Steichen states that Plaintiff filed his Complaint on April 26, 1996, and that while he was no longer incarcerated at the time of dismissal, "the provisions of 28 U.S.C. § 1915(e)(2) apply to the plaintiff because he was an inmate when he filed this case."[4] (Dkt. # 82, Ex. 2 at 2). The inmate history report submitted by Plaintiff confirms that he was serving a criminal sentence on April 26, 1996, when he filed the complaint in Steichen. (Dkt. # 81, Ex. A). Therefore, the Court finds that Plaintiff was a prisoner, as defined under § 1915(h), when he brought the action is Steichen.

Upon initial screening of Plaintiff's complaint in Steichen, his claim under 42 U.S.C. § 1983 and his claim for ineffective assistance of counsel were dismissed as frivolous. (Dkt. # 82, Ex. 2 at 2-3, 29-31). Plaintiff was granted leave to file an amended complaint regarding his remaining claims for state law legal malpractice and for conspiracy pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971).

---

[4] Under 28 U.S.C. § 1915(e)(2), a court shall dismiss a case in which a prisoner seeks to proceed *in forma pauperis* if at any time it appears that the allegation of poverty is untrue or the action is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant.

7

(Dkt. # 82, Ex. 2 at 32-33, 34-35). Upon initial screening of the amended complaint, Plaintiff's remaining claims were dismissed as frivolous. (Dkt. # 82, Ex. 2 at 2-8, 11-14). Accordingly, the Court finds that the district court's dismissal of <u>Steichen</u> constitutes Plaintiff's second strike under 28 U.S.C. § 1915(g). The Court therefore declines to adopt the Magistrate Judge's finding that Plaintiff did not incur a strike upon the dismissal of his complaint in <u>Steichen</u>.

### D. <u>Cohen v. Syme</u>

Finally, Plaintiff objects to the Magistrate Judge's finding that Plaintiff incurred a third strike upon the dismissal of <u>Leslie Charles Cohen v. James Joseph Syme, Jr.</u> Specifically, Plaintiff argues that he was not a prisoner, as defined by § 1915(h), after June 6, 2003. Plaintiff further contends that "[t]he action did not proceed in forma pauperis," and that "the filing fee was paid." (Dkt. # 81 at 2). Plaintiff then attacks the merits of the district court's dismissal of his complaint, a matter which is beyond the scope of this Court's review.

Plaintiff's objections are without merit. First, when he brought the action in <u>Syme</u> on June 2, 2003, Plaintiff was incarcerated under a criminal sentence.[5] <u>See</u> (Dkt. # 55, Ex. 10; Dkt. # 81, Ex. A). The fact that Plaintiff was in INS custody at the time of dismissal is irrelevant. Thus, Plaintiff was a prisoner for purposes of § 1915(g) at the time he brought the action in <u>Syme</u>. Second, the fact that the action did not proceed *in*

---

[5] Plaintiff dated his complaint in <u>Syme</u> May 29, 2003. (Dkt. # 82, Ex. 3 at 31). However, the complaint was filed by the clerk on June 2, 2003. Because it is not apparent on what date the complaint was submitted to the prison for mailing, the Court will adopt May 29, 2003, as the filing date. It should be noted, however, that either date would result in the same ultimate determination because both predate Plaintiff's transfer into INS custody.

*forma pauperis* and that a filing fee was paid does not take Syme out of the scope of § 1915(g).  That section does not require a previously dismissed action to have been brought *in forma pauperis* in order to count as a strike for purposes of future *in forma pauperis* screening.  28 U.S.C. § 1915(g); Hyland v. Clinton, 3 Fed.Appx. 478, 479 (6th Cir. 2001).

Upon initial screening, the district court dismissed the complaint in Syme but granted leave to amend to allow Plaintiff to file an amended complaint on a court-approved form pursuant to local rules, and to state the jurisdictional basis for his claims, which he failed to do in the initial complaint.  (Dkt. # 82, Ex. 3 at 4-6).  Rather than amend his complaint, Plaintiff filed a motion for reconsideration, which the district court denied.  See (Dkt. # 82, Ex. 3 at 2).  The court again directed Plaintiff to file an amended complaint.  Instead, Plaintiff filed a second motion for reconsideration, asserting that the district court misunderstood his complaint, and that the action was based solely on the court's diversity jurisdiction.  Plaintiff stated that no federal question was involved.  See (Dkt. # 82, Ex. 3 at 2-3).  The court denied the second motion for reconsideration and, finding that the jurisdictional deficiency of the complaint could not be cured by amendment, dismissed the action with prejudice.  (Dkt. # 82, Ex. 3 at 3).  The court further ordered the clerk to "make an entry on the docket in this matter indicating that the dismissal for failure to state a claim falls within the purview of 28 U.S.C. § 1915(g)."  (Dkt. # 82, Ex. 3 at 3).

The district court's order dismissing the action in Syme with prejudice clearly indicates that Plaintiff's complaint failed to state a claim upon which relief could be

9

granted. Because Plaintiff brought the action as a prisoner, the dismissal constitutes a strike for purposes of § 1915(g). This is Plaintiff's third strike, which prevents him from filing any future actions as a prisoner proceeding *in forma pauperis* unless he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Because nothing in the instant action suggests any such danger, Plaintiff is prohibited from proceeding *in forma pauperis*.

### E. Waiver of "Three Strikes" by Defendants

Plaintiff next argues that Defendants "waived the three 'strike' argument when they failed to raise it in the Supreme Court whose decision vacated any deficiencies and irregularities in the lower court proceedings." (Dkt. # 81 at 2-3). This argument is without merit. Defendants appeared before the Supreme Court prior to service of the Complaint, on the narrow issue of the applicability of the Supreme Court's ruling in Jones v. Bock, 549 U.S. 199 (2007), to this court's dismissal of the Complaint for failure to exhaust administrative remedies. It would have been premature and outside the scope of Plaintiff's Petition for a Writ of Certiorari for Defendants to have raised the "three strikes" issue before the Supreme Court. See Yee v. City of Escondido, 503 U.S. 519, 535 (1992); Sup. Ct. R. 14.1(a). The argument was, therefore, not waived because it was not presented to the Supreme Court.

### F. Plaintiff's *In Forma Pauperis* Status

Finally, Plaintiff objects to the Magistrate Judge's finding that he was never granted *in forma pauperis* status in the instant matter. Plaintiff argues that by dismissing the action upon initial screening in 2005 for failure to exhaust administrative remedies,

this Court implicitly granted him *in forma pauperis* status. Indeed, Plaintiff did file the required Financial Affidavit, but did not seek leave to file his Complaint *in forma pauperis*. (Dkt. # 3). Furthermore, the docket clearly indicates that leave to proceed *in forma pauperis* was never granted in the district court.[6] Plaintiff is incorrect to assume that the Court implicitly granted *in forma pauperis* status simply by dismissing his Complaint for failure to exhaust administrative remedies, pursuant to 42 U.S.C. § 1997e. The dismissal upon initial screening under 42 U.S.C. § 1997e made it unnecessary for the Court to undertake analysis of Plaintiff's *in forma pauperis* eligibility, especially in light of the fact that Plaintiff had not moved to proceed *in forma pauperis*. In any event, even assuming that the Court should have addressed the *in forma pauperis* issue at the outset, the fact remains that Plaintiff has not paid the filing fee and is not eligible for *in forma pauperis* status under § 1915(g). Dismissal without prejudice is, therefore, appropriate.

## III. CONCLUSION

The Court has reviewed the report and recommendation of the Magistrate Judge *de novo*. Magistrate Judge Gallas' report and recommendation is hereby **ADOPTED in PART**, consistent with the foregoing. (Dkt. # 78). Defendant's Motion to Dismiss is hereby **GRANTED**, and the above-captioned matter is **DISMISSED WITHOUT PREJUDICE**. (Dkt. # 55).

Additionally, Plaintiff's Motion for Default Judgment Against The Defendants Thomas Edwards and Zackery Currier is hereby **DISMISSED as MOOT**. (Dkt. # 79).

---

[6] Plaintiff did move for and obtain *in forma pauperis* status for his appeal to the Sixth Circuit. (Dkt. # 22, 23, 24). Such status applies only to the appeal, however, and does not entitle Plaintiff to proceed *in forma pauperis* on his Complaint in this Court.

Finally, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. §2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

<u>**/s/ Peter C. Economus – October 6, 2009**</u>
**PETER C. ECONOMUS**
**UNITED STATES DISTRICT JUDGE**